**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ROGER LEE NEWBURN, | : |
| Petitioner, | : |
| vs. | :   CA 21-0546-JB-MU |
| | : |
| Respondent. | |

**REPORT AND RECOMMENDATION**

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Petitioner's failure to prosecute and comply with the Court's order dated and entered January 13, 2022 (Doc. 2).

Roger Lee Newburn sent a one-page handwritten letter to this Court "complaining about being confined without bond at the Baldwin County Sheriff's Corrections Center and requesting a new judge on his criminal case and the appointment of a civil rights attorney." (Doc. 2, PageID. 4; *compare id. with* Doc. 1 (Newburn's one-page letter)). Because Newburn's letter was unaccompanied by a motion to proceed without prepayment of fees or the $5.00 filing fee for filing a habeas corpus action under 28 U.S.C. § 2241, the undersigned entered an Order on January 13, 2022, instructing Newburn to complete and file the IFP motion being sent to him or pay the $5.00 filing fee not later than February 10, 2022. (*See* Doc. 2, PageID. 4-6). In addition, because the letter Newburn sent to the Court requested not damages but,

instead, this Court's intervention in state-court proceedings using its equitable powers (*compare id.,* PageID. 5 *with* Doc. 1, PageID. 1), Petitioner was also instructed to complete and file this Court's form for a § 2241 habeas action by not later than February 10, 2022 (*see* Doc. 2, PageID. 4-6). Newburn was informed that any "[f]ailure to comply with this order **no later than February 10, 2022** or to notify the Court immediately of a change [of] address will result in the dismissal of this action for failure to prosecute and to obey the Court's order." (*Id.*, PageID. 6). To date, this Court has not received the ordered form pleadings from Petitioner. (*See* Docket Sheet).

An action may be dismissed if a petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, Petitioner has not responded to the Court's Order dated and entered January 13, 2022, instructing him to file this Court's form for a petition under § 2241 and to pay the habeas corpus filing fee or file this Court's form for a motion to proceed without prepayment of fees. (*Compare* Docket Sheet *with* Doc. 2). Therefore, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Petitioner's habeas

corpus action, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 24th day of February, 2022.

                               s/P. Bradley Murray  
                               **UNITED STATES MAGISTRATE JUDGE**